IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN OSHOP, GLENDA OSHOP, ) | | |
| and CHRISTINA OSHOP, by and through her ) | | |
| natural guardians and next friends, ) | | |
| John Oshop and Glenda Oshop, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Case No. 3:09-0063 | |
| ) | Judge Trauger | |
| JOHN DOE ONE and JOHN DOE TWO, ) | | |
| ANGEL McCLOUD, ) | | |
| RUTHERFORD COUNTY ) | | |
| BOARD OF EDUCATION, ) | | |
| HARRY GILL, Director of Schools, ) | | |
| MARK BYRNES, Chairman, ) | | |
| TERRY HODGE, Vice Chairman, ) | | |
| WAYNE BLAIR, DONALD JERNIGAN, ) | | |
| DORRIS E. JERNIGAN, SR., ) | | |
| GRANT KELLEY, and RICHARD E. WISE, ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM

Pending before the court is the motion to dismiss filed by the defendants Harry Gill, Mark Byrnes, Terry Hodge, Wayne Blair, Donald Jernigan, Dorris E. Jernigan, Sr., Grant Kelley, and Richard E. Wise (Docket No. 41), to which the plaintiffs have responded (Docket No. 45). For the reasons discussed herein, these defendants' motion to dismiss will be granted.

**I. Background**

The plaintiffs in this matter have filed a lawsuit naming, among others, the Rutherford County Board of Education, Rutherford County Director of Schools Harry Gill, and Rutherford County Board of Education members Mark Byrnes, Terry Hodge, Wayne Blair, Donald Jernigan,

Dorris E. Jernigan, Sr., Grant Kelley, and Richard E. Wise as defendants.[1] (*See* Docket No. 1.) The plaintiffs have sued defendants Gill, Byrnes, Hodge, Blair, Jernigan, Jernigan, Sr., Kelley, and Wise in their official capacities. (*Id.* ¶ 1.10.) These defendants have moved to dismiss the official-capacity claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that these claims are duplicative and unnecessary in light of the fact that the plaintiffs have also named the Rutherford County Board of Education as a defendant. (Docket No. 42.)

## II. Motion to Dismiss Standard

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Indeed it may

---

[1]The plaintiffs also named as defendants the Tennessee Department of Children's Services, two John Doe employees of the Tennessee Department of Children's Services, and Rutherford County Attorney Angel McCloud. (*See* Docket No. 1.) The court previously dismissed the plaintiffs' claims against the Tennessee Department of Children's Services as well as the plaintiffs' individual-capacity claims against the two John Doe defendants (*see* Docket No. 32), and none of these defendants, nor defendant McCloud, is involved in the present motion.

2

appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer*, 416 U.S. at 236. Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." *Swierkiewicz*, 534 U.S. at 514.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007), the Supreme Court readdressed the pleading requirements under the federal rules. The Court stressed that, although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Further, the Court observed that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that the plaintiff is entitled to relief and that this substantive threshold is not achieved by "blanket assertion[s]." *Twombly*, 127 S.Ct. at 1965 n.3.

Although Federal Rule of Civil Procedure 8 establishes a "liberal system of notice pleading," *see E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Accordingly, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965; *see also Swierkiewicz,* 534 U.S. at 508 n.1; *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . .

3

dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer,* 416 U.S. at 236 (a well-pleaded complaint may proceed, even if it appears "that a recovery is very remote and unlikely").

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Court further expounded on the "two working principles" that underlie the *Twombly* decision. *Id.* at 1949. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to a state a claim under the federal rules. *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949-50.

Further, the Court explained that determining "facial plausibility" is a "context-specific task" in which the reviewing court must "draw on its judicial experience and common sense." *Id.* at 1950. Where, using this background, the court finds that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. Rule Civ. Proc. 8(a)(2)). The Court noted that "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When

4

there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

**III. Analysis**

An official-capacity claim against a government officer "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). As the Sixth Circuit has noted, in an official-capacity suit, the government entity is "the only true defendant[]." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). Therefore, an official-capacity suit is "to be treated as a suit against the entity," so long as the entity "receives notice and an opportunity to respond" to the allegations. *Graham*, 473 U.S. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)). Further, an official-capacity claim against a government officer may be dismissed in favor of proceeding against the entity that is the true defendant. *See, e.g.*, *Turner v. Blount County*, No. 3:06-cv-471, 2008 U.S. Dist. LEXIS 86248, at *4-5 (E.D. Tenn. Aug. 14, 2008) (holding that county was actual defendant in official-capacity suit, and dismissing claims against individual officers in their official capacities); *Hester v. City of Memphis*, No. 06-2407 B, 2007 U.S. Dist. LEXIS 15512, at *8 (W.D. Tenn. Mar. 5, 2007) (dismissing official-capacity claims against individual officers where government employer was also named as a defendant).

Here, there is no dispute that the moving defendants have been sued in their official capacities, a fact that the Complaint makes explicit (Docket No. 1 ¶ 1.10), and that is affirmed in the plaintiffs' brief in opposition to the instant motion to dismiss (Docket No. 45 at 1). The true defendant to those claims is the entity that the moving defendants represent—the Rutherford

5

County Board of Education. As the Complaint also names the Rutherford County Board of Education as a defendant, the plaintiffs essentially have alleged two sets of identical claims against the same entity, one by suing the entity directly, and the other by suing the moving defendants in their official capacities. The plaintiffs have articulated no reason—nor can this court conceive of any—not to dismiss the official-capacity claims against the moving defendants, given that the plaintiffs have alleged identical claims against the Rutherford County Board of Education.

## IV. Conclusion

For the reasons discussed herein, the motion to dismiss filed by the defendants Gill, Byrnes, Hodge, Blair, Jernigan, Jernigan, Sr., Kelley, and Wise will be granted.

An appropriate order will enter.

ALETA A. TRAUGER
United States District Judge